IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

POCHANART ERICSON,

Plaintiff,

v.

CONAGRA FOODS, INC., *et al.*,

Defendants.

No. 20-cv-07065
Judge Franklin U. Valderrama

## MEMORANDUM OPINION AND ORDER

Plaintiff Pochanart Ericson (Plaintiff) asserts claims of negligence, breach of warranty, and unfair and deceptive practices against Defendants Conagra Foods, Inc., Conagra Brands, Inc. (together, Conagra), and Full-Fill Industries, LLC (Full-Fill) (collectively, Defendants), stemming from the severe burns and injuries she sustained while using Conagra's Chef's Quality Cooking Spray (the Cooking Spray). R. 1, Compl.[1] Defendants, the manufacturers and distributors of the Cooking Spray, have moved to dismiss all 12 counts under Federal Rule of Civil Procedure 12(b)(6), arguing first that Plaintiff's claims are all barred by the applicable statutes of limitations and alternatively that Plaintiff has failed to state a claim with respect to all but Counts II and VIII (the breach of warranty claims predicated on manufacturing defect). R. 44, Mot. Dismiss Memo. For the reasons that follow, Defendants' motion is granted in part and denied in part. The Court grants Defendants' motion as to Counts IV–VI and X–XII (dismissing the negligence claims

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

on a statute of limitations defense, the non-specific defect claims on failure to state a claim, and the Massachusetts General Law (MGL) claims on failure to state a claim). The Court denies Defendants' motion as to the remaining claims, namely Counts I–III and VII–IX.

## Background

At some point before June 3, 2017, Plaintiff, a resident of Weymouth, Massachusetts and food truck employee, purchased a can of the Cooking Spray. Compl. ¶¶ 2, 3, 23.[2] Conagra designed, filled, tested, labeled, marketed, promoted, supplied, distributed, and sold the Cooking Spray to retailers nationwide, and Full-Fill manufactured the vented DOT-2Q cans that Conagra uses for the Cooking Spray containers. *Id.* ¶¶ 13, 16, 26. The Cooking Spray is used in commercial as well as consumer kitchens and outdoor grilling environments. *Id.* ¶ 18.

On or about June 3, 2017, Plaintiff was working in a food truck operating in Worcester, Massachusetts. Compl. ¶¶ 22, 23. Suddenly, and without warning, a canister of the Cooking Spray began spraying its flammable contents through the u-shaped vents at the bottom of the can, causing a "flash fire, flames and/or explosion." *Id.* The explosion and flames caused Plaintiff to suffer and sustain injuries of a permanent nature, including but not limited to, burns, scarring, and disfigurement, in addition to pain and anguish. *Id.* ¶¶ 22, 37. Plaintiff alleges that the Cooking Spray was stored and used in a reasonably foreseeable manner at the time of and prior to

---

[2]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of Plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

the incident. *Id.* ¶ 19. Plaintiff also alleges that the Cooking Spray was some distance away from any heat source in the food truck and kept at a regular temperature at the time of the incident. *Id.* ¶¶ 20, 74.

Following these events, on May 28, 2020, Plaintiff filed suit in the United States District Court for the District of Massachusetts against Defendants, asserting causes of action for breach of the implied warranty of merchantability, arising from design defect, manufacturing defect, and a failure to warn (Counts I–IV, VII–X); negligence (Counts V, XI); and unfair and deceptive business practices in violation of Chapter 93A, Section 2(a) of the MGL (Counts VI, XII). *See* Compl. On November 24, 2020, the case was transferred to this Court from the District of Massachusetts for lack of personal jurisdiction. R. 32, Mass. Dismissal Order; R. 33, Transfer Order. Soon after the inter-District transfer, Defendants moved to dismiss the Complaint under Rule 12(b)(6), arguing that Plaintiff's claims are barred by the applicable statutes of limitations, and alternatively, that most claims otherwise fail to state a claim. *See* Mot. Dismiss Memo. The Court takes these arguments in turn below.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

**Analysis**

As previously noted, Defendants move to dismiss on two fronts. First, Defendants contend that Plaintiff's claims are all barred by the applicable statutes of limitations. Mot. Dismiss Memo. at 5–10. Second and alternatively, Defendants argue that Plaintiff has failed to state a claim in all but two counts. *Id*. at 10–15. The Court addresses Defendants' arguments concerning statutes of limitations first, followed by Defendants' arguments concerning the sufficiency of Plaintiff's allegations.

**I.      Statutes of Limitations**

Defendants argue that the Court should dismiss the Complaint in its entirety because all claims are time-barred. Mot. Dismiss Memo. at 6. Although "expiration of the statute of limitations is an affirmative defense that may be pled in an answer pursuant to Rule 8(c), it can be used as a basis for granting a 12(b)(6) motion where the case is 'obviously time-barred.'" *Chapman v. Vill. of Hinsdale*, 2008 WL 2557465, at *1 (N.D. Ill. June 23, 2008) (quoting *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). "When its jurisdiction is based on diversity of citizenship, a federal court is

obliged to apply the statute of limitation of the state in which it sits." *Reinke v. Boden*, 45 F.3d 166, 170 (7th Cir. 1995). Accordingly, Defendants contend (and the Court agrees, with one caveat, *see infra* Section I.C) that the Court must apply the applicable Illinois statutes of limitations to Plaintiff's claims. Mot. Dismiss Memo. at 5–6.

Defendants insist that Illinois's two-year statute of limitations for personal injuries applies to all claims. *See* 735 ILCS 5/13–202 ("Actions for damages for an injury to the person . . . shall be commenced within 2 years next after the cause of action accrued . . . ."). Defendants maintain that because Plaintiff filed her Complaint on March 28, 2020, more than two years after the Cooking Spray exploded and caused injuries, her suit is time-barred. Mot. Dismiss Memo. at 6. Plaintiff disagrees, arguing that (i) the two-year statute of limitations that governs the negligence claims was tolled per the discovery rule; (ii) a five-year statute of limitations governs the breach of warranty claims; and (iii) a four-year statute of limitations governs the unfair and deceptive practices claims. R. 48, Resp. at 11–15. All in all, Plaintiff contends that she filed her Complaint within the applicable statute of limitations periods. *Id*. The Court begins its statute of limitations analysis with the negligence claims.

### A. Negligence (Counts V and XI)

In Counts V and XI, Plaintiff alleges that Defendants were negligent in the design, manufacture, marketing, promotion, and sale of the Cooking Spray. Compl. ¶¶ 82, 156. Defendants argue that the Illinois two-year statute of limitations for claims alleging personal injury bars these counts. Mot. Dismiss Memo. at 6.

In Illinois, the statute of limitations for personal injury is two years. 735 ILCS 5/13–202 ("Actions for damages for an injury to the person . . . shall be commenced within 2 years next after the cause of action accrued . . . ."). In general, the statute of limitations begins to run on the date the injury occurs. *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995). That is, "when facts exist that would authorize the bringing of the cause of action." *Stark v. Johnson & Johnson*, 2021 WL 3732273, at *4 (7th Cir. Aug. 24, 2021) (citing *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006). The discovery rule, which Plaintiff is attempting to invoke here, "is an equitable exception to the statute of limitations." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 89 (Ill. 2003). Under this rule, "a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused." *Id.* "The rule mitigates the harsh consequences that could otherwise result in some cases from mechanical application of the statute.*" Stark*, 2021 WL 3732273, at *4 (citing *Golla*, 657 N.E.2d at 360–61). "If a complaint on its face appears susceptible to a statute of limitations defense and if the defendant raises the defense on a motion to dismiss, the plaintiff must plead facts sufficient to invoke the discovery rule to avoid dismissal.*" Morton Int'l Inc., v. Sequa Corp.*, 2001 WL 897562, at *3 (N.D. Ill. Aug. 8, 2001) (*Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1138 (Ill. 1995)).

Defendants maintain that when there is a "sudden and traumatic event" that causes personal injury, the two-year statute of limitations begins to run on the date

the injury occurs. Mot. Dismiss Memo. at 6 (citing *Golla*, 657 N.E.2d at 899). "[A] 'sudden, traumatic event' is one that, because of its force or violence, permits the law to presume that the event immediately placed the plaintiff on notice of her injury and a right of action." *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (quoting *Golla*, 657 N.E.2d at 899). "When a plaintiff suffers this type of injury, her cause of action accrues on the date of the traumatic event." *Id.* Defendants argue, then, that the two-year statute of limitations began to run on June 3, 2017, the date of Plaintiff's injury, because the explosion incident was indeed "sudden and traumatic." Mot. Dismiss Memo. at 7.

In response, Plaintiff contends that the discovery rule applies, and the statute of limitations on the negligence claims was tolled until she knew or should have known that her injuries were wrongfully *caused by the Defendants*. Resp. at 14–15. Moreover, Plaintiff submits that whether the statute of limitations is tolled is ordinarily a question of fact. *Id.* at 14. Plaintiff argues that the motion to dismiss accordingly should be denied, because questions of fact remain as to when Plaintiff knew or should have known that her injuries were wrongfully caused by the Defendants. *Id.*

Plaintiff is partially correct on that point. True, whether an action was brought within the time allowed by the discovery rule is generally a question of fact. *Witherell v. Weimer*, 421 N.E. 2d 869, 874 (Ill. 1981). However, this issue may be resolved as a matter of law when the answer is clear from the pleadings. *Id.* ("In many, if not most, cases the time at which an injured party knows or reasonably should have known

both of his injury and that it was wrongfully caused will be a disputed question to be resolved by the finder of fact. Where it is apparent from the undisputed facts, however, that only one conclusion can be drawn, the question becomes one for the court.") (internal citations omitted).

The Court finds that only one conclusion can be drawn from the negligence allegations here. The statute of limitations on Plaintiff's negligence claims was triggered on the date of her injuries—June 3, 2017. Plaintiff alleges that on June 3, 2017, she was suddenly injured by a cooking spray container which exploded. Compl. ¶ 22 ("[T]he canister of Chef's Quality Cooking Spray suddenly and without warning began spraying its extremely flammable contents . . . causing a flash fire, flames and/or explosion causing burns and injuries."). The Court finds that it is clear from the pleadings that Plaintiff knew that she was injured by a sudden and traumatic event.

Moreover, the Court finds that Plaintiff's discovery rule argument misses the mark. Notably, as a threshold matter, nowhere in her response does Plaintiff provide the (presumably much later) date that she learned that her injuries were wrongfully caused by the Defendants. No matter, because Plaintiff's position is contrary to Illinois law. Under Illinois law, "the term 'wrongfully caused' does not mean knowledge of a *specific* defendant's negligent conduct" or knowledge of the existence of the cause of action. *Castello v. Kalis*, 816 N.E.2d 782, 789 (Ill. App. Ct. 2004) (emphasis in original). "Rather, 'wrongfully caused' refers to the point at which the injured party acquires sufficient information regarding the injury and its cause to be

put on notice that further inquiry is necessary to determine whether a cause of action exists." *Sille v. McCann Constr. Specialties Co.*, 638 N.E. 2d 676, 680 (Ill. App. Ct. 1994). On June 3, 2017, Plaintiff was placed on notice that the injury may have been wrongfully caused and "she was duty-bound at that time to make inquiry to determine whether a cause of action existed." *Sille*, 638 N.E. 2d at 681.

Plaintiff did not file suit in Massachusetts until May 28, 2020, more than two years after the date of the incident and her injuries. *See* Compl. Therefore, the Court finds that Counts V and XI are time-barred and accordingly dismisses them.

### B. Breach of the Implied Warranty of Merchantability (Counts I–IV, VII–X)

In Counts I–IV and VII–X, Plaintiff alleges that Defendants breached the implied warranty of merchantability under the Uniform Commercial Code (UCC), MGL Chapter 106, Section 2-314 based on design defect, manufacturing defect, and failure to warn theories of liability.[3]

Defendants again argue that these claims are barred by Illinois's two-year statute of limitations for personal injury actions because Plaintiff's breach of warranty claims are predicated on personal injuries. Mot. Dismiss Memo. at 6; *see also* 735 ILCS 5/13-202. Pointing to two Illinois cases, *Armstrong v. Guigler*, 673

---

[3]Counts IV, IX, and X appear in the Complaint under headings that include the words "Strict Liability." Compl. ¶¶ 70–79 ("Count IV – Strict Liability – Non-Specific Defect"), 119–43 ("Count IX – Strict Products Liability – Failure to Warn"), 144–53 ("Count X – Strict Liability – Non-Specific Defect"). Incorrect headings are not fatal to a complaint, and the Court construes the substance of Counts IV, IX, and X as allegations of breach of the implied warranty of merchantability. *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *see also infra* Section II.A.

N.E.2d 290, 293 (Ill. 1996) and *Pavlik v. Kornhaber*, 761 N.E.2d 175 (Ill. App. Ct. 2001), Defendants assert that under Illinois law, the determination of the applicable statute of limitations is governed by the type of injury at issue. Mot. Dismiss Memo. at 6. Regardless of how Counts I–IV, VII–X are labeled, Defendants insists that Plaintiff is alleging the same personal injuries that were alleged in her negligence counts. *Id.*; R. 49, Reply at 3. Plaintiff disagrees, arguing that breach of warranty claims are governed by the UCC in Illinois, and the UCC provides for a four-year statute of limitations from the date that the cause of action accrued (the date the product was tendered to the plaintiff). Resp. at 11–13 (citing 810 ILCS 5/2-725). Plaintiff contends that the determination of the applicable statute of limitations rests not on her injury but on the nature of *Defendants' liability*—here, breach of the UCC's implied warranty of merchantability. Resp. at 13. Plaintiff does not address *Pavlik* but insists that Defendants misconstrue *Armstrong* and invites the Court to instead follow *Berry v. G. D. Searle & Co.*, 309 N.E.2d 550 (Ill. 1974) and *Stoltzner v. Am. Motors Jeep Corp., Inc.*, 469 N.E.2d 443, 444 (Ill. App. Ct. 1984). Resp. at 12. The Court analyzes the parties' cited cases in turn.

First, in *Armstrong*, the Illinois Supreme Court found that vendors suing their real estate broker for failure to disclose all material facts regarding sale of their property and for failure to act with loyalty and fidelity could not convert a time-barred breach of fiduciary duty claim into a timely breach of contract claim. 673 N.E.2d at 290, 298. The Illinois Supreme Court found that while isolated allegations in the complaint spoke in terms of contractual breach, the plaintiffs' claims were

10

grounded in tort and were only incidental to a written contract. *Id.* at 293. The court explained that "[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action." *Id.* Defendants contend that the Court should rely on *Armstrong* and find that Plaintiff's claims are governed by a two-year statute of limitations because the claims are based on product liability theories sounded in tort. Plaintiff insists that Defendants have mischaracterized *Armstrong* and argue that *Armstrong* stood instead for the proposition that "[t]he focus of the inquiry is on the nature of the liability and not on the nature of the relief sought." Resp. at 13 (citing *Armstrong*, 673 N.E.2d at 295). Plaintiff contends, then, that it is not the damages for personal injuries that matter; rather, the nature of the liability—a breach of implied warranty—controls. Resp. at 13. In reply, Defendants argue that Plaintiff selectively quoted from *Armstrong* without properly applying the holding. Reply at 3–4. Defendants agree that the "relief sought" (damages for personal injury) is irrelevant to the analysis and insist that under *Armstrong*, Plaintiff cannot attempt to recast her personal injury claims as UCC claims in order to circumvent the statute of limitations. *Id.*; *see also Pavlik*, 761 N.E.2d at 189 ("[C]ourts have been unpersuaded by plaintiffs' attempts to designate personal injury torts as contract disputes for the application of the longer statute of limitations.") (citing *Doerr v. Villate,* 220 N.E.2d 767, 769 (Ill. App. Ct. 1966)).

In *Pavlik*, the Illinois Appellate Court, relying on *Armstrong*, found that the plaintiff's fraud claim was time-barred. 761 N.E.2d at 189. In that case, the plaintiff-

11

therapist brought suit against her employer, asserting negligence and fraud claims. *Id.* at 178. The employer had misrepresented his credentials, and the plaintiff claimed that she would not have sought an employment or counseling relationship with him had she known he was not a licensed clinical psychologist. *Id.* at 188–89. The plaintiff argued that the trial court improperly dismissed her fraud count, because fraud claims are controlled by a residual five-year statute of limitations, and she had filed that claim within five years of the injury. *Id.* at 189. Pointing to *Armstrong*, the Illinois Appellate Court upheld the trial court's dismissal of the fraud count, explaining that "[a]lthough count III is styled as a fraud claim, plaintiff alleges the same personal injuries alleged in her negligence count—a count which she admits is governed by section 13–202. We therefore feel bound to follow *Armstrong's* reasoning and conclude that plaintiff's fraud count is controlled by the statute of limitations for personal injuries and not the residual statute applicable generally to fraud claims." *Id.* Here, Defendants insist that, like in *Armstrong* and *Pavlik*, the statute of limitations for personal injury applies to Counts I–IV and VII–X because those breach of warranty claims allege the same personal injuries as Plaintiff's negligence counts. Mot. Dismiss Memo. at 6.

As noted above, Plaintiff does not address *Pavlik*, and instead asks the Court to rely on *Berry* (and the succeeding *Stoltzner*). Resp. at 12–13. Unlike Defendants' cited cases, in *Berry*, a 1974 Illinois Supreme Court case, the court specifically dealt with this statute of limitations question as it relates to a *UCC claim*. 309 N.E.2d at 554. The *Berry* plaintiff ingested an oral contraceptive manufactured by the

defendant that caused a stroke and permanent paralysis. *Id.* at 552. The plaintiff filed suit against the defendant more than two years after the date she was injured, asserting claims for breach of an implied warranty of the fitness of the product for a particular purpose under Section 2-315 of the UCC and strict liability. *Id.* The issue before the Illinois Supreme Court was whether the four-year statute of limitations prescribed in 2-725 of the UCC governed an action for personal injuries allegedly arising from a breach of implied warranty. *Id.* The court began its analysis by noting that prior to the adoption of the UCC, Illinois applied the general two-year statute of limitations for personal injuries whether the action was premised on tort *or* implied warranty. *Id.* at 553. But, applying principles of statutory construction, the court found that the UCC revealed a "legislative intent to create a statutory cause of action for breach of implied warranty to afford consumer protection to those who sustain personal injuries from product deficiencies." *Id.* at 553. Accordingly, the court held that "section 2-725(1) sets forth the appropriate limitation period for personal injury actions predicated upon a breach-of-implied-warranty theory under the Code." *Id.* at 554.

*Stoltzner*, an Illinois Appellate Court case that dealt with a suit against a vehicle manufacturer for personal injuries sustained when the vehicle rolled over, reiterated this same *Berry* principle ten years later and found that Section 2-725 of the UCC, or 810 ILCS 5/2-725, "governs personal injury actions based on breach of warranty, and represents a substantial extension of the filing period for such actions, hence the provision should be construed literally." 469 N.E.2d at 444.

13

Defendants concede that *Berry*, at least on its face, appears to control here. Reply at 4. *Berry* permitted a breach of warranty claim, as is asserted in Counts I–IV and VII–X here, to proceed under a four-year statute of limitations notwithstanding the fact that the plaintiff was fundamentally alleging personal injury. 309 N.E.2d at 554. However, Defendants argue that *Berry* is ultimately inapplicable for three reasons. Reply at 4. First, Defendants contend that *Berry* predated *Armstrong* by more than four decades. *Id.* That is certainly true, but more importantly, Defendants have not cited, nor is the Court aware of, any case overruling *Berry*. *See generally* Reply. As far as this Court can discern, *Berry* remains good law. Indeed, the Court has identified one Illinois Appellate Court case—*Sille v. McCann Construction Specialties Company*—that relied on *Berry* 20 years later and that also still remains good law. 638 N.E. 2d at 681. The court in *Sille* explained:

> In *Berry v. G.D. Searle & Co.* (1974), 56 Ill.2d 548, 309 N.E.2d 550, our Illinois Supreme Court specifically held that the four-year statute of limitation provided by section 2–725(1) of the UCC applied to actions for personal injury predicated upon the theory of breach of implied warranty under the Code. . . . In his complaint against McCann, Sille alleged a breach of the implied warranty of fitness for a particular purpose pursuant to section 2–315 of the UCC . . ., as well as a breach of the implied warranty of merchantability pursuant to section 2–314 of the UCC. . . . Sille filed suit on July 22, 1992, less than four years from the date upon which the cause of action accrued. Consequently, counts III and IV of Sille's complaint against McCann alleging breach of warranty were timely filed and the trial court improperly dismissed these counts.

638 N.E. 2d at 681. As such, the Court is unpersuaded by Defendants' "old case" argument.

14

Second, Defendants maintain that *Berry* is inapplicable because *Berry* noted the differences between implied warranty and strict liability claims predicated on personal injuries and found that they warranted separate statutes of limitations. Reply at 4 (citing 309 N.E.2d at 553–54). True, the court in *Berry* found that the four-year statute of limitations does not apply to strict liability actions for personal injury in Illinois. 309 N.E.2d at 553–54. That distinction, however, does nothing to advance Defendants' argument, as Plaintiff asserts claims here for breach of the implied warranty of merchantability and not strict liability. *Berry* is clear that the four-year statute of limitations applies to personal injury actions predicated upon a *breach of warranty* theory under the UCC. 309 N.E.2d at 553. Again, the Court is unpersuaded by Defendants' attempt to distinguish *Berry*.

Third, Defendants insist that Massachusetts law compels a different result than the result in *Berry* because the warranty claim under Massachusetts law is essentially a product liability claim and the two-year statute of limitations applies. Reply at 4–5. This argument is a non-starter, as Defendants argued in their opening motion that a federal court sitting in diversity applies the procedural rules of the state in which it sits. Mot. Dismiss Memo. at 5. Defendants cannot pivot now and argue that the Court should look to Massachusetts law in deciding the application of a procedural rule.

The Court agrees with Plaintiff that *Berry* controls with respect to these claims. Based on the foregoing, and because Defendants do not contest that the Cooking Spray was tendered to Plaintiff within four years of the filing of the

Complaint, the Court finds that Plaintiff's claims for breach of the implied warranty of merchantability are not obviously time barred. The Court accordingly denies Defendants' motion to dismiss based on a statute of limitations defense with respect to Counts I–IV and VII–X.

### C. Unfair and Deceptive Practices in Violation of MGL Chapter 93A (Counts VI and XII)

Finally, in Counts VI and XII, Plaintiff claims that Defendants violated Chapter 93A, Section 2(a) of the MGL, which declares unlawful unfair or deceptive acts or practices in the conduct of any trade or commerce. Compl. ¶¶ 94, 170; *see also* G. L. c. 93, § 2(a). Defendants again argue that the two-year statute of limitations for personal injury claims in Illinois governs because personal injuries underlie the MGL claims. Mot. Dismiss Memo. at 7; *see generally* 735 ILCS 5/13-202.

Plaintiff disagrees, contending that the four-year limitation period provided in Chapter 260, Section 5A of the MGL should apply to the Chapter 93A claims here. *See* G. L. c. 260, § 5A ("Actions arising on account of violations of any law intended for the protection of consumers, including but not limited to the following: [listing a dozen consumer protection provisions, including Chapter 93A] brought by any person, including the attorney general shall be commenced only within four years next after the cause of action accrues."). Plaintiff contends that the four-year requirement is a substantive time limitation rather than a procedural one, and as such, this Court, which sits in diversity, should apply the Massachusetts substantive law. Resp. at 13. Alternatively, Plaintiff argues that, should the Court find that Illinois law does govern, Chapter 93A is concerned with more than just personal injury and instead

provides wide protections against deceptive practices. *Id.* at 14. As such, the "nature of the liability" is a statutory claim governed by the five-year statute of limitations for "all civil actions not otherwise provided for." *Id.* (citing 735 ILCS 5/13-205). The Court takes each of Plaintiff's arguments and Defendants' responses in turn.

Plaintiff is correct that the Court should apply a foreign time limitation (over the relevant Illinois statute of limitations) when a cause of action is based on a foreign statute that (i) provides a right that did not exist at common law and (ii) contains a time period during which the claim can be brought, such that the time limitation is substantive rather than procedural. *See Smith v. Toman*, 14 N.E.2d 478, 481 (Ill. 1938) ("[W]here the statute creates a right that did not exist at common law and restricts the time within which the right may be availed of, or otherwise imposes conditions, such statute is not a statute of limitation[,] but the time element is an integral part of the enactment."). Plaintiff insists that the four-year limitation period should apply here because Chapter 93A is a foreign statute that (i) creates new substantive rights that are not dependent on traditional tort or contract law concepts and (ii) is governed by its own statute of limitations (G. L. c. 260, § 5A). Resp. at 13–14 (citing *Kattar v. Demoulas*, 739 N.E.2d 246, 257 (Mass. 2000) (Chapter 93A "creates new substantive rights and provides new procedural devices" that is "not dependent on traditional tort or contract law concepts" and "mak[es] conduct unlawful which was not unlawful under the common law or any prior statute.") (internal citations and quotations omitted)).

17

Defendants concede that the four-year limitation period would apply if the statute was deemed substantive rather than procedural, because the statute's time restriction would be considered a condition of liability rather than a time bar on bringing a claim. Reply at 5. Defendants assert, however, that Plaintiff's Chapter 93A claims do not create a new substantive right, as she insists, as Plaintiff herself conceded that the Chapter 93A claims were coextensive with her common law warranty claims. *Id.* (citing Resp. at 10–11 (explaining that a breach of warranty constitutes a violation of Chapter 93A and because she has stated breach of warranty claims, she has necessarily sufficiently stated her claims under Chapter 93A)). The Court agrees with Defendants that that Chapter 93A does not create a new right that is relevant to the claims here. *See* Reply at 5.

Defendants also contend that the four-year statute of limitations provision is not an "integral part, or any part, of her claim under ch. 93A." Reply at 5. Defendants point out that the Chapter 260, Section 5A time limitation provision applies to at least 12 consumer protection statutes other than Chapter 93A. *Id. Smith*, cited by Defendants, makes clear that the substantive exception to the general rule that Illinois statutes of limitations govern diversity actions was intended to apply to foreign statutes that have *unique restrictions* such that the time limitation is an *integral part of the statute.* 14 N.E.2d at 481. *Smith* found that Section 1 of the Judgments Act, which provided that, "[A] judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, . . . from the time the same is rendered or revived, for the period of seven years," created a substantive right

18

unknown to common law and the claim's timing element was "an element of the right so created." *Id.* Plaintiff does not attempt to distinguish *Smith* and does not proffer any of her own case law on this "integral part" issue. *See generally* Resp. 13–14. No matter, as the Court agrees with Defendants here too. The Court is unconvinced that the four-year time limitation is integral to Chapter 93A's unfair or deceptive practices statute, as was the case with the Judgments Act in *Smith*. Deciding that the time limitation provided for in Chapter 260, Section 5A is not substantive, the Court finds that it does not govern Plaintiff's MGL claims.

The Court is also not persuaded by Plaintiff's argument in the alternative— that Illinois's general five-year statute of limitations for "all civil actions not otherwise provided for" should apply, because the MGL claims cover more than just personal injury, namely deceptive practices. Resp. at 14. Plaintiff fails to proffer any authority to support this contention.

Having determined, then, that the Massachusetts four-year statute of limitations does not apply, and the Illinois general five-year statute of limitations does not apply, the question remains, what statute of limitations *does* apply to Plaintiff's MGL claims? The Court disagrees with Defendants that the Illinois two-year statute for personal injury claims applies; after all, Defendants themselves admit that Plaintiff's Chapter 93A claims are grounded in common law *warranty* claims. Reply at 5. Neither party has presented the Court with a case that prescribes the applicable statute of limitations for a statutory unfair and deceptive practices claim that is grounded in breach of warranty. No matter, as the Court need not make

that finding now. A court can only dismiss a claim at the 12(b)(6) stage on a statute of limitations defense if the claim is "obviously time-barred." *Chapman*, 2008 WL 2557465, at *1. It is not obvious to the Court that Plaintiff's chapter 93A claims are time-barred. The Court accordingly denies Defendants' motion to dismiss on a statute of limitations defense with respect to Counts VI and XII, in addition to Counts I–IV and VII–X.

Having dealt with the statute of limitations arguments, the Court now turns to Defendants' arguments concerning failure to state a claim.

## II.    Failure to State a Claim

Defendants argue that all claims—with the exception of Plaintiff's claims for breach of implied warranty of merchantability on the basis of manufacturing defects (Counts II and VIII)—fail to state a claim. Mot. Dismiss Memo. at 3–4. The Court examines the allegations of Plaintiff's remaining claims in turn.[4]

As a threshold matter, while Illinois law governs the issue of statute of limitations, which is procedural (*see supra,* Section I), Massachusetts law otherwise applies to the substance of Plaintiff's claims. Indeed, under Illinois law, "the place of injury controls [the substantive law applied] unless Illinois has a more significant relationship with the occurrence and with the parties." *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 902–04 (Ill. 2007); *see also Zurbriggen v. Twin Hill Acquisition Co., Inc.*, 338 F. Supp. 3d 875, 883 (N.D. Ill. 2018). The Court finds that the injury

---

[4]Because the Court has already dismissed Counts V and XI, Plaintiff's negligence claims, on statute of limitations (*see supra*, Section I), the Court need not address Defendants' arguments as to the failure to state a claim with respect to those counts in this Opinion.

here occurred in Massachusetts, and no party argues that Illinois has a "more significant relationship" with the incident such that its substantive law should apply. As such, Massachusetts law governs the Court's analysis as to Defendants' contention that Plaintiff fails to state a claim.

### A. Breach of the Implied Warranty of Merchantability (Counts I–IV, VII–X)

In Counts I–IV, VII–X, Plaintiff asserts claims for breach of the implied warranty of merchantability based on design, failure to warn, and non-specific defects. Compl. ¶¶ 24–79, 98–153.[5] "In Massachusetts, the manufacturer is presumed to know the nature and quality of his product." *White v. W.W. Grainger Co.*, 1988 WL 290663, at *4 (D. Mass. Feb. 16, 1988). The implied warranty of merchantability requires that products must be "fit for the ordinary purposes for which [they] are used" and must "conform to the promises or affirmations of fact made on the container or label if any." MGL ch. 106, §§ 2-314(2)(c), (f). To survive a motion to dismiss:

> [T]he plaintiff must allege sufficient facts to demonstrate that the defendants manufactured or sold the product, the product was unreasonably dangerous or unsuited for ordinary use at the time it left the defendants' hands because of the defect, the plaintiff was using the product in an intended or reasonably foreseeable manner when she was injured, and the product's defect was a legal cause of the plaintiff's injury.

*Varney v. R.J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 69 (D. Mass. 2000). A product may be unmerchantable because of a manufacturing defect, a design defect,

---

[5]Plaintiff also asserts claims for breach of the implied warranty of merchantability based on manufacturing defects in Counts II and VIII. *See* Compl. Defendants concede that Counts II and VIII adequately state claims for breach of the implied warranty of merchantability predicated on manufacturing defects and do not challenge those claims on a failure to state a claim basis. Mot. Dismiss Memo. at 10.

or failure to warn of the product's foreseeable harms. *Evans v. Lorillard Tobacco Co.*, 990 N.E.2d 997, 1010 (Mass. 2013). The Court addresses each theory of liability underlying the warranty claims in turn.

### i. Design Defect (Counts I and VII)

In Counts I and VII, Plaintiff asserts a breach of the implied warranty of merchantability predicated on design defects. Compl. ¶¶ 24–37, 98–111. Defendants argue that Plaintiff fails to plausibly allege that any specific design feature of the Cooking Spray was the legal cause of her injury. Mot. Dismiss Memo. at 11. In fact, Defendants assert that Plaintiff's allegations appear to be more consistent with a manufacturing defect-based theory than a design defect theory. *Id.* ("The only plausible inference from these allegations is that if the can had been manufactured according to its 'specifications and tolerance,' the incident would not have occurred. This is a manufacturing-defect-based theory, not one based on design defect.") (internal citations omitted). Because design defects and manufacturing defects are "classically inconsistent claims, requiring alternative facts," Defendants argue that Counts I and VII must fail. *Id.* at 11–12 (citing *Brown v. Husky Injection Molding Sys., Inc.*, 751 F. Supp. 2d 298, 303 (D. Mass. 2010)).

Plaintiff responds that she adequately pleads a design defect cause of action. Resp. at 3. The Court agrees. In her Complaint, Plaintiff alleges that the Cooking Spray contained "vents, metal thickness and other *design* features that made the cannister [sic] capable of releasing its contents under conditions which other can designs do not, including at lower temperatures and pressures." *See* Compl. ¶¶ 28(a)–

22

(d), (f), (i), 102(a)–(d), (f), (i) (emphasis added). Plaintiff also alleges that the Cooking Spray can contained flammable and dangerous propellants that posed an unreasonable and unnecessary danger *compared to other propellants*. Compl. ¶¶ 28(e), 102(e) (emphasis added). Further, Plaintiff alleges that these design defects caused the can to explode and release its flammable contents while she was using the can in a reasonable and foreseeable manner, causing her severe burns and injuries. Compl. ¶¶ 20–22, 33, 37, 103, 111. The Court finds that these allegations plausibly state claims for breach of the implied warranty of merchantability based on a design defect theory. Defendants' motion to dismiss is denied on this basis.

### ii. Failure to Warn (Counts III and IX)

In Counts III and IX, Plaintiff asserts a breach of the implied warranty of merchantability predicated on a failure to warn. Compl. ¶¶ 45–79, 119–43. "[A] manufacturer of a product has a duty to warn foreseeable users of dangers in the use of that product of which the manufacturer knows or reasonably should know." *Genereux v. Am. Beryllia Corp.*, 577 F.3d 350, 363–64 (1st Cir. 2009) (citing *Bavuso v. Caterpillar Indus.*, 563 N.E.2d 198, 201 (Mass. 1990)). Defendants argue that the failure to warn claims should be dismissed because Plaintiff has not alleged that Defendants knew or reasonably should have known of the dangers posed by the can of Cooking Spray. Mot. Dismiss Memo. at 12. Defendants further argue that she has not identified the existing warnings on the can or how they were inadequate. *Id.* at 13 (citing *Wajda v. R.J. Reynolds Tobacco Co.*, 103 F. Supp. 2d 29, 33 (D. Mass. 2000) ("[P]leadings must do more than vaguely assert that the defendants generally failed

to warn people."); *A.G. ex rel. Maddox*, 732 F.3d 77, 81 (1st Cir. 2013)). Defendants also alternatively argue that Count IX must fail outright because the count is titled, "Strict Products Liability – Failure to Warn," which is not an actionable claim under Massachusetts law. *Id.*

In response, Plaintiff insists that she does allege Defendants' knowledge or reasonable knowledge of the dangers posed by the Cooking Spray can. Resp. at 6. Plaintiff specifically notes that she "alleges that the Defendants were 'aware' of the Cooking Spray releasing its contents at lower temperatures and lower pressures than other cooking spray cans." *Id.*; *see also* Compl. ¶¶ 57 ("CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. were aware of DOT-2Q vented cooking spray containers releasing their contents at lower temperatures than is allowed by the manufacturing specifications and tolerances."), 58–60, 62, 131–134. Indeed, Plaintiff further alleges that at all relevant times, Defendants knew or reasonably knew the dangerous propensities of the can because they designed, manufactured, filled, tested, labeled, marketed, promoted, supplied, distributed, and/or sold the Cooking Spray cans. Compl. ¶¶ 55, 129. She alleges that Defendants knew the distance from a heat source from which the can could safely be placed without risk of releasing its contents. Resp. at 6; *see* Compl. ¶¶ 61, 135. She claims that Defendants and the Cooking Spray instructions fail to inform Plaintiff about this information and "how to safely store and use the Cooking Spray to avoid the risk of the can releasing its contents or causing a fire." Resp. at 6; *see* Compl. ¶¶ 56, 130. And she alleges that she followed

24

the can's instructions, and had additional instruction been given, the explosion could have been avoided. Resp. at 6; *see* Compl. ¶¶ 64, 66, 138, 140.

Plaintiff argues, and the Court agrees, that Defendants' cited case, *Wajda v. R.J. Reynolds Tobacco Co.*, is distinguishable because the complaint in that case failed to articulate any facts identifying the information about which the defendants failed to warn. *Wajda*, 103 F.Supp.2d at 33. Further, the portion of *Wajda* cited by Defendants was pled under the higher standard of Federal Rule of Civil Procedure 9. *Id.* Complaints pled under Rule 8(a)(2) need not do more than narrate a plausible claim for relief. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 538 (7th Cir. 2011). The Court finds that Plaintiff has done so here.

As for Defendants' argument regarding the "Strict Products Liability – Failure to Warn" heading (*see* Mot. Dismiss Memo. at 13), the Court notes again that incorrect headings are not fatal to a complaint. *Rabe*, 636 F.3d at 872 ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."). The substance of the allegations under Count IX mirror those of Count III. All in all, Counts III and IX adequately state claims for breach of the implied warranty of merchantability based on a failure to warn. Defendants' motion to dismiss is denied on this basis.

### iii. Non-Specific Defect (Counts IV and X)

In Counts IV and X, Plaintiff alleges breach of the implied warranty of merchantability based on a non-specific defect. Compl. ¶¶ 70–79, 144–53. Defendants argue that there is no such cause of action in Massachusetts. Mot. Dismiss Memo. at

14 (citing *Frady v. C. R. Bard, Inc.*, 2020 WL 2079511, at *6 (D. Mass. Apr. 30, 2020) ("Strict liability for defective products is not a viable cause of action in Massachusetts.")). Plaintiff retorts that an incorrect heading is not fatal to a claim. Resp. at 9 (citing *Rabe*, 636 F.3d at 872). True, incorrect headings are not fatal, but Counts IV and X still must state actionable claims.

Plaintiff insists that "non-specific defect" is a cognizable claim under Massachusetts law. Resp. at 9. Plaintiff contends that under Massachusetts law, a plaintiff is not required to prove a specific defect to prevail on a breach of warranty claim, and she can prove her case through inference and circumstantial evidence. Resp. at 9. Plaintiff contends that to proceed on a non-specific defect claim, the plaintiff must show only (i) that the product malfunctioned and (ii) the absence of normal use or other reasonable secondary cause that would absolve the defendants; Plaintiff insists she has done so here. Resp. at 9 (citing *White*, 1988 WL 290663, at *1–2).

In reply, Defendants argue that the "non-specific defect" concept found in *White* refers only to an evidentiary standard by which a plaintiff may support a breach of implied warranty claim at a later stage of litigation. Reply at 9. The Court agrees. *White* simply discusses the standard for proving manufacturing and design defects as subsequent evidentiary stages of litigation; it does not purport to delineate a separate cause of action for "non-specific defects." 1988 WL 290663, at *1–2. The Court is unaware of any authority supporting the existence of a "non-specific defect"

cause of action.[6] The Court finds that Plaintiff has failed to state a claim with respect to Counts IV and X and grants Defendants' motion to dismiss on that basis.

## B. Unfair and Deceptive Practices in Violation of MGL Chapter 93A (Counts VI and XII)

Finally, the Court turns to the allegations in Plaintiff's MGL counts. In Counts VI and XII, Plaintiff asserts a claim for Unfair and Deceptive Practices under MGL Chapter 93A. Compl. ¶¶ 94–97, 170–73. Chapter 93A, Section 2 "makes unlawful any 'unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Com. v. Bragel*, 2013 WL 7855997, at *2 (Mass. Super. Dec. 4, 2013). Under 940 Code Mass. Regs. § 3.16(3), a practice may be unfair or deceptive under Chapter 93A if "[i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare." *Bragel*, 2013 WL 7855997, at *2. "If any person invades a consumer's legally protected interests, and if that invasion causes the consumer a loss—whether that loss be economic or noneconomic—the consumer is entitled to redress under our consumer protection statute. A consumer is not, however, entitled to redress under G.L. c. 93A, where no loss has occurred." *Hershenow v. Enterprise Rent–A–Car Co. of Boston,* 840 N.E.2d 526, 535 (Mass. 2006). A loss need not be established in terms of quantifiable damages; however, a consumer must prove causation— "that the defendant's unfair or

---

[6]"It is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Vertex refining, NV, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 374 F. Supp. 3d 754, 765 (N.D. Ill. 2019) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996), *amended* (Mar. 28, 1996)).

deceptive act caused an adverse consequence or loss." *Rhodes v. AIG Domestic Claims, Inc.,* 961 N.E.2d 1067, 1076 (Mass. 2012).

Defendants move to dismiss these four-paragraph-long counts, arguing that they are fatally conclusory. Mot. Dismiss Memo. at 14. Specifically, Defendants contend that Plaintiff fails to plead the baseline—that any specific statements or omissions on the packaging constituted unfair or deceptive acts. *Id.*

Plaintiff insists that she has sufficiently stated a cause of action, as the Complaint specifically claims that the MGL statutory counts are based on Defendants' "wrongful acts and omissions" that were alleged in the preceding negligence and breach of warranty counts. Resp. at 11.

The Court finds that cursory references to "wrongful acts and omissions" is not enough to state a claim here. Plaintiff has not alleged that Defendants engaged in a trade or commerce; made an unfair or deceptive statement; that any such statement failed to comply with existing statutes or regulations meant to protect the public's health and safety; or that Plaintiff suffered some kind of loss. *See, e.g.*, *Bragel*, 2013 WL 7855997, at *2 (dismissing the plaintiff's Chapter 93A claim on a motion to dismiss, because while the plaintiff had sufficiently alleged that the defendants engaged in a trade or commerce, made a deceptive statement, and the statement failed to comply with existing rules and regulations concerning public safety, the plaintiff had failed to sufficiently allege a loss). The Court accordingly grants Defendants' motion to dismiss on that basis and dismisses Counts VI and XII.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss [44] is granted in part and denied in part. Defendants' motion to dismiss as to Counts IV–VI and X–XII is granted. Counts V and XI are dismissed with prejudice. *See, e.g.*, *Brown v. City of Chicago Sch. Dist. 299*, 2010 WL 1948190, at *1 (N.D. Ill. May 11, 2010) (dismissing with prejudice a claim time-barred by the applicable Illinois statute of limitations). Counts IV and X are also dismissed with prejudice. *See, e.g.*, *Sandee's Catering v. Agri Stats, Inc.*, 2020 WL 6273477, at *10 (N.D. Ill. Oct. 26, 2020) (dismissing with prejudice a claim that was non-actionable under Arkansas law). Counts VI and XII are dismissed without prejudice. Should Plaintiff wish to file an Amended Complaint consistent with this Opinion, she must do so on or before October 1, 2021. Defendants' motion to dismiss as to Counts I–III and VII–IX is denied.

Dated: September 10, 2021

United States District Judge
Franklin U. Valderrama

29