UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **POCHANART ERICSON**, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **CONAGRA FOODS, INC., CONAGRA** ) <br> **BRANDS, INC.** and **FULL-FILL INDUSTRIES**, ) <br> **LLC.,** ) <br> ) <br> Defendants. ) | Case No. 1:20-cv-07065 <br><br> Judge Franklin U. Valderrama |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COUNTS IV AND VIII[1] OF
PLAINTIFF'S FIRST AMENDED COMPLAINT**

This is a product liability action arising out of severe burns and other injuries that Plaintiff Pochanart Ericson sustained on June 3, 2017 when a can of Chef's Quality Cooking Spray ("Cooking Spray") exploded in a food truck in Worcester, Massachusetts. (First Amended Complaint ("C") ¶20, 21). As Plaintiff was working, the Cooking Spray was some distance away from any heat source when it suddenly and without warning began spraying its flammable contents through the u-shaped vents on the bottom of the can, causing a flash fire. (C. ¶18, 20). Defendants Conagra Foods, Inc. and Conagra Brands, Inc. (collectively "Conagra") sold and distributed the Cooking Spray, and Defendant Full-Fill Industries, LLC ("Full-Fill") manufactured the cooking oil spray and filled the Cooking Spray cans. (C. ¶11, 14).

The Complaint, originally filed in the U.S. District Court of Massachusetts, contained claims under Massachusetts law for breach of implied warranties, negligence and statutory unfair and deceptive practices against Conagra and Full-Fill (hereinafter "Defendants"). Defendants

---

[1] Defendants misidentify Count VIII as "Count VI" throughout their motion. Count VI alleges Breach of Warranty – Manufacturing Defect against Full-Fill, and is not at issue in this motion.

1

moved to dismiss for lack of personal jurisdiction in Massachusetts, and the Court *sua-sponte* transferred the case to this Court, where personal jurisdiction does exist. (See Docket #32).

Defendants subsequently filed a motion to dismiss certain claims under Rule 12(b)(6) that was granted in part and denied in part by this Court on September 10, 2021 with leave to amend. (See Dkt. #57). With respect to the statutory claims for unfair and deceptive practices in violation of the Massachusetts Consumer Protection Statute, Mass. Gen. Law ch. 93A, the Court found that references to "wrongful acts and omissions" in earlier counts without more details were insufficient to state a claim, and that Plaintiff needed to allege the specific elements of the statutory claims. (*Id.* at p.28).

On October 1, 2021, Plaintiff filed her First Amended Complaint which includes claims for Unfair and Deceptive Practices under MGL ch. 93A against Conagra (Count IV) and Full-Fill (Count VIII). Defendants have now filed the instant motion to dismiss Counts IV and VIII of the First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Counts IV and VIII properly state actionable claims under chapter 93A, the motion to dismiss must be denied.

## ARGUMENT

On a Rule 12 (b) (6) motion, the Court construes the complaint in the light most favorable to the plaintiff, accepts all well pled facts as true, and draws all inferences in his favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). The complaint "does not need detailed factual allegations," but only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Case: 1:20-cv-07065 Document #: 63 Filed: 11/23/21 Page 3 of 14 PageID #:364

"Plausibility" does not mean that the Court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

I. **PLAINTIFF HAS ACTIONABLE CLAIMS AGAINST DEFENDANTS FOR UNFAIR AND DECEPTIVE PRACTICES UNDER THE CONSUMER PROTECTION STATUTE.**

Defendants argue that Counts IV and VIII and should be dismissed because they do not state claims under the Massachusetts Consumer Protection Statute, Mass. Gen. Law ch. 93A. (Motion p.14-15). Section 2(a) of the statute states that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful," and Section 2(c) authorizes the Attorney General to make rules and regulations interpreting the provisions of subsection 2(a). G. c. 93A, §2. Pursuant to this authority, the Attorney General has promulgated a regulation stating that "it shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty," and the implied warranty of merchantability is specifically included in the definition of warranty. 940 C.M.R. §3.01, 3.08(2). Accordingly, in product liability actions, "a breach of warranty constitutes a violation of G.L c. 93A, §2." *Maillet v. ATF-Davidson Co., Inc.*, 552 N.E.2d 95, 100 (Mass. 1990), *Glyptal Inc. v. Engelhard Corp.*, 801 F.Supp. 887, 899 (D. Mass. 1992) (Because plaintiff's breach of warranty claims survive summary judgment, its 93A claim survives as well.).

    A. **Plaintiff's Claim is Governed By Section 9 of Chapter 93A.**

Chapter 93A contains two sections that create private rights of action that are mutually exclusive. *Continental Ins. Co. v. Bahnan*, 216 F.3d 150, 156 (1st Cir. 2000). Section 11 entitles "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real, or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act

3

or practice " to bring an action, whereas section 9 grants essentially the same entitlement to "[a]ny person, other than a person entitled to bring action under section eleven of this chapter, who has been injured…" Mass. Gen. Law ch. 93A, §9, 11.

Although both sections permit recovery of actual damages, multiple recovery for knowing or willful violations of the statute, and the award of attorneys' fees to a prevailing claimant, the two sections have different requirements for asserting a claim. In order to bring a claim under section 9, a claimant must send a written demand for relief before bringing suit. Mass. Gen. Law ch. 93A, §9[2]. Section 11 does not require a demand letter prior to initiating suit, but does require that the actions and transactions constituting the unfair or deceptive act or practice must have occurred primarily and substantially within Massachusetts. Mass. Gen. Law ch. 93A, §11.

Defendants argue that this case is governed by section 11 and not section 9 because Plaintiff was not a consumer using the Cooking Spray for personal use at the time of the occurrence. (Motion p.6-7). While many courts observe that section 9 only applies to "consumers," the Massachusetts Supreme Court has expressly stated that "Section 9, however, no longer limits relief to consumers." *Maillet v. ATF-Davidson Co., Inc.*, 552 N.E.2d 95, 98 (Mass. 1990). Rather, the *Maillet* court found that section 9 is broader in scope, and includes personal injury claims brought by an employee of the purchaser of a defective product against the manufacturer of the product. *Id*. *Maillet* is indistinguishable from the facts of this case, and section 9 is the proper basis for Plaintiff's chapter 93A claims.

A key distinction between claims under section 9 and section 11 is the relationship between the parties. Section 11 relates to business transactions and requires some form of business

---

[2] Plaintiff complied with the requirements of section 9 and submitted timely written demands for relief to the Defendants. (C. ¶81 152).

relationship between the claimant and the defendant. *See Imprimus Investors, LLC v. KPMG Peat Marwick LLP*, 868 N.E.2d 143, 153 (Mass. App. 2007) (Although the absence of privity of contract does not bar a claim under section 11 so long as the parties were engaged in more than a minor or insignificant relationship, investors could not bring a section 11 claim against a company's independent auditors because there was no business relationship between the parties.). There are no allegations that Plaintiff personally had any form of business relationship with Defendants, and so she is not entitled to bring a claim under section 11 for her personal injuries. Because section 9 allows a claim to be brought by "[a]ny person, other than a person entitled to bring action under section eleven…" and Plaintiff was not entitled to bring an action under section 11 because she had no actionable relationship with defendants, Plaintiff can properly bring her personal injury claim under section 9. *See Maillet* at 98 (Employee could bring section 9 claim against printing press manufacturer for personal injuries suffered while operating printing press for employer.)

All of the cases cited by Defendants involve situations where the plaintiff had a business relationship with the defendant, and the section 11 claim arises out of a business dispute. *See Frullo v. Landenberger*, 814 N.E.2d 1105 (Mass. App. 2004) (Former clients bring section 11 claim against their attorneys); *Continental Ins. Co. v. Bahnan,* 216 F.3d 150 (1st Cir. 2000) (Insured brings section 11 claim against his insurer.); *F&D Tool Co., Inc v. Sloan Valve Co.*, 2002 WL 31371963 (D. Mass. Oct. 17, 2002) (Company brings section 11 claims against insurance company and product manufacturer arising out of property damage settlement.); *United Food & Com. Workers Local 1776 & Participating Employers Health and Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F.Supp.3d 1052 (N.D. Cal. 2014 ) (Employers who purchased drugs for their employees could only bring section 11 claim against the drug manufacturer and distributor for price fixing.).

Defendants do not cite any case under section 11 which involves a personal injury, much less a case which holds that a plaintiff who suffered a personal injury that did not have a direct business relationship with a defendant must bring a section 11 claim, and that is not the law. *See Maillet*, 552 N.E.2d at 98-99 (Employee injured on the job by defective printing press purchased by employer properly brought section 9 claim against press manufacturer.) This case is governed by Section 9 and *Maillet*, and Defendants' argument is meritless.

**B.      Even if Section 11 Applies, Plaintiff Has Stated an Actionable Claim.**

Should this Court find that section 11 rather than section 9 applies to this case, Defendants' motion to dismiss must still be denied because Plaintiff has properly stated a claim. Defendants argue that Plaintiff has failed to allege that the unfair or deceptive practice occurred primarily and substantially within Massachusetts as required by section 11. (Motion p.7-8). The statute expressly provides that Defendants have the burden of proof to show that the transactions and actions did not occur primarily and substantially within the state. Mass. Gen. Law ch. 93A, §11.

There is no precise formula for determining whether the wrongful conduct occurred primarily and substantially in Massachusetts, and the determination is fact intensive and unique to each case. *Kuwati Danish Computer Co. v. Digital Equip. Corp*, 781 N.E.2d 787, 799 (Mass. 2003). In making this determination, "a judge should, *after making findings of fact* and after considering those findings in the context of the entire §11 claim, determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." *Id.* (emphasis added).

Because of the Defendant's burden of proof and the fact intensive analysis that must be performed by the court, federal courts have repeatedly found that a Rule 12(b)(6) motion to dismiss based upon a "primary and substantially" challenge should be denied so long as the complaint

alleges that the plaintiff is located and claims an injury in Massachusetts. *See Pegasystems, Inc. v. Appian Corp.*, 424 F.Supp.3d 214, 225 (D. Mass. 2019); *Jofran Sales, Inc. v. Watkins and Shepard Trucking, Inc.*, 216 F.Supp.3d 206, 216 (D. Mass. 2016); *ILab Solutions LLC v. Idea Elan, LLC*, 2015 WL 1505698, *3 (D. Mass. April 1, 2015) (collection of cases). Plaintiff is a resident of Massachusetts and her injuries occurred in the state, (C. ¶3, 21). Accordingly, the motion to dismiss should be denied, and the Court's factual determination of whether the center of gravity of the circumstances that give rise to Plaintiff's claim are situated in Massachusetts should be made at a later date.

Defendants argue that the motion should be granted because they previously prevailed on a motion for lack of personal jurisdiction. (Motion p.8). The tests are not the same, however, and personal jurisdiction focuses on the defendant's conduct while the "primary and substantially" test examines other relevant facts, including the location of the injury. *See Kuwati*, 781 N.E.2d at 798, fn. 13 ("The situs of loss may, nevertheless, be considered in the determination). Defendants have not cited a case which holds that the personal jurisdiction analysis is dispositive of the "primary and substantially" test, and this position is inconsistent with the fact intensive analysis that must be performed by the Court.

Indeed, the cases that Defendants cite provide no assistance to the Court. In *Gulf Oil Limited Partnership v. Petroleum Marketing Group*, the District Court granted defendant's motion to dismiss because the wrongful conduct occurred in Virginia and plaintiff's injuries occurred in New York and New Jersey. 2018 WL 1587302, *2-3 (D. Mass. March 30, 2018). Similarly in *Hamann v. Carpenter*, the Court affirmed the dismissal of a section 11 claim where the complaint did not contain any factual allegation linking defendant's tortious conduct to Massachusetts, including an allegation that plaintiff suffered an injury in the state, and plaintiff waived the issue

7

on appeal. 937 F.3d 86, 93-94 (1st Cir. 2019). Neither case supports dismissal here, and the motion to dismiss must be denied[3].

## II. PLAINTIFF HAS PROPERLY PLED HER CLAIMS FOR UNFAIR AND DECEPTIVE PRACTICES.

Defendants also argue that, regardless of whether section 9 or section 11 applies, Plaintiff has failed to state a claim for violation of chapter 93A. (Motion p.9-12). To recover under chapter 93A, the plaintiff must show a deceptive or unfair act or practice on the part of defendant; an injury or loss suffered by the plaintiff; and a causal connection between the unfair practice and the injury. *See generally Cassavant v. Norwegian Cruise Line, Ltd.*, 919 N.E.2d 165, 169 (Mass. App. 2009).

The First Amended Complaint alleges that Defendants were engaged in trade and commerce, that they warranted the safety of their cooking sprays in various ways that were not true, that these warranties failed to comply with existing statutes and regulations meant to protect the public's health and safety, and that as a result plaintiff suffered burns to her face, neck, arms and hands causing pain, permanent scarring and disfigurement and financial expenses including medical bills. (C. ¶70, 72-80, 82-87, 140, 142-151, 153-158). These allegations properly state a violation of chapter 93A.

### A. The Heightened Pleading Requirements of Rule 9 (b) Do Not Apply, Although They are Satisfied by the Allegations of the First Amended Complaint.

Defendants argue that Plaintiff has failed to comply with the heightened pleading requirements of Fed. R. Civ. P. 9 (b) which apply to allegations of fraud or mistake. (Motion p.9-11). A claim for unfair or deceptive acts under Chapter 93A "goes far beyond the scope of the common law action for fraud and deceit," *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 779

---

[3] Defendants' alternative argument that the section 11 claim requires something more than a simple breach of warranty is addressed in Section II (C) below.

(Mass. 1975), and so "[c]hapter 93A claims that do not involve fraud are not subject to heightened pleading requirements." *Libby v. Park, Marion and Vernon Streets Operating Co.*, 298 F.Supp.3d 292, 294 (D. Mass. 2018), *see also B.W.P. Distributors, Inc. v. OE Plus, Ltd.*, 2009 WL 1154102, *9, fn. 7 (S.D. N.Y. March 31, 2009) (collection of cases). Plaintiff's Chapter 93A claims are based upon breach of warranty and not fraud, and so Rule 9 (b) does not apply.

Even if Rule 9 (b) applied, however, the First Amended Complaint is proper. Defendants argue that Counts IV and VIII do not identify the who, what, where, when and how of the fraudulent conduct. Defendants are the "who," the warranties identified in paragraphs 72-77 and 143-147 are the "what" and "how," the time that the defective products left the Defendants' possession and purchased are the "when," and Massachusetts is the "where." *See Dumont v. Reily Foods Co.*, 934 F.3d 35, 39 (1st. Cir. 2019) (Chapter 93 claim based upon fraudulent product label satisfied the requirements of Rule 9 (b) by identifying fraudulent contents of label.).

Defendants do not require any additional information before they can answer the First Amended Complaint. This is not a situation like the cases cited by Defendants where the plaintiff alleged that she was deceived by [defendant's] advertising in general" without identifying what that advertisement was, *Mulder v. Kohl's Departments Stores, Inc.*, 865 F.3d 17, 21 (1st Cir. 2017), or alleges fraud without alleging any facts from which the court can conclude that defendants made knowingly false statements. *Holland v Select Portfolio Servicing, Inc.*, 299 F.Supp. 3d 271, 275 (D. Mass. 2018). Plaintiff identifies the exact warranties at issue in this case, and Defendants have all of the information they need to answer the First Amended Complaint, such that the requirements of Rule 9 (b) are satisfied. *Dumont* at 39.

    **B.**    **The First Amended Complaint Properly Alleges Causation.**

9

Defendants next argue that the First Amended Complaint fails to plead that "the alleged misrepresentations were the cause of her injuries." (Memo p.11). The First Amended Complaint alleges that the explosion and Plaintiff's subsequent injuries were caused by the failure of the cooking spray to perform as warranted by Defendants. (C. ¶20, 26, 35, 37-42, 54, 64, 67, 82-86, 96, 105, 107-112, 124, 134, 153-158). Section 93A liability exists where a defective product causes personal injury, and that is exactly what Plaintiff has alleged here. *See Vassallo v. Baxter Healthcare Corp.*, 696 N.E.2d 909, 912-913 (Mass. 1998) (Affirming 93A liability where defective silicone breast implants caused physical injury.).

The cases cited by Defendants are distinguishable on their facts, as they do not involve product liability claims or motions to dismiss. *See Walsh v. TelTech Systems, Inc.*, 821 F.3d 155 (Provider of calling service that allowed customers to disguise phone number entitled to summary judgment where recipient of sexually harassing phone calls failed to identify any unfair practice that caused her injury.); *Leblond v. Moss*, 1986 Mass. App. Div. 151, 155-156 (Mass. App. Div. 1986) (Affirming Trial Court's finding that defendant did not engage in any unfair or deceptive practice under Chapter 93A and that plaintiff did not rely upon any express warranty.), *Massachusetts Farm Bureau Federation, Inc. v. Blue Cross of Massachusetts, Inc.*, 532 N.E.2d 660, 665 (Mass. 1989) (Affirming Trial Court's verdict in favor of defendant where there was no evidence presented at trial that that there was a causal relationship between defendant's statement and any loss claimed by plaintiff.) The First Amended Complaint alleges sufficient facts to show that Defendants' unfair practices in breaching their warranties proximately caused the explosion and Plaintiff's damages, and dismissal is not proper.

    **C.**    **The First Amended Complaint Properly Alleges Unfair Practices.**

10

Finally, Defendants argue that Plaintiff has failed to allege that their conduct was inherently deceptive or unfair. (Memorandum p.11-12). Chapter 93A does not define what constitutes what an "unfair or deceptive act or practice," and this is best discerned from the circumstances of each case. *Kattar v. Demoulas*, 739 N.E.2d 246, 257 (2000).

Nevertheless, Massachusetts courts have recognized that certain tortious conduct is actionable. As discussed above, "a breach of warranty constitutes a violation of G.L. c. 93A, §2." *Maillet*, 552 N.E.2d at 100. The Attorney General's regulations provide that it is a violation of chapter 93A "to fail to perform or fulfill any promise or obligations arising under a warranty," which includes the implied warranty of merchantability, 940 C.M.R. §3.01, 3.08(2), and the Massachusetts Supreme Court has held that Attorney General regulations interpreting chapter 93A have the force of substantive law. *Purity Supreme, Inc. v. Attorney General*, 407 N.E.2d 297, 306 (1980).

Defendants argue that the Court should disregard *Maillet* and the Massachusetts's Attorney General because not all breaches of warranties are inherently deceptive or unfair. The case law that Defendants cite to support this proposition primarily do not address the adequacy of the pleadings, however, but rather are evaluating the evidence presented at trial. *See Sharp v. Hylas Yachts, LLC*, 872 F.3d 31, 52 (1st Cir. 2017) (Affirming Trial Court's finding that the defendant's breach of express warranty was not unfair or deceptive under chapter 93A where the evidence at trial showed that the defendant made genuine but ultimately ineffectual efforts to live up to its contractual obligations.); *Klairmont v. Gainsboro Restaurants, Inc.*, 987 N.E.2d 1247, 1257 (Mass. 2013) (Affirming trial court's finding of liability under chapter 93A where evidence at trial showed that defendant violated building code for decades.); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 775 F.3d 109, 120 (1st Cir. 2014) (Reversing Trial Court's decision to vacate

11

judgment in favor of plaintiff on chapter 93A claim, finding that violation of the Fair Debt Collection Practices Act was a *per se* violation of chapter 93A.). In *Wilo USA, LLC,* the only case cited by Defendants that involve a motion to dismiss, the Magistrate Judge found that an allegation in a counterclaim that the plaintiff breached the implied duty of good faith in a contract was insufficient on its own to state a claim under chapter 93A. 2013 WL 6577291, *3-4 (N.D. Ill. Dec. 13, 2013).

Plaintiff's chapter 93A claims are not premised upon a contractual duty of good faith, but rather upon violations of warranties that the Massachusetts Supreme Court and Massachusetts Attorney General have found are actionable. Moreover, the First Amended Complaint also alleges that, prior to the sale of the cooking spray and breach of warranties, Defendants knew that the cooking spray canisters were defective in specifically identified ways. (C. ¶27-29, 53, 55-60, 97-102, 125-130). This is the type of "plus" conduct that the court in *Utica National Insurance Group v. BMW of North America, LLC*, says is required for a section 11 claim. 45 F.Supp.3d 157, 161-163 (D. Mass. 2014). Defendants' breached their warranties by selling and distributing cooking spray canisters that they knew were defective and dangerous, and the wrongful conduct is actionable under chapter 93A.

## CONCLUSION

For these reasons, the motion to dismiss must be denied. Should the Court deem any part of Plaintiff's First Amended Complaint deficient for lack of factual specificity, Plaintiff hereby requests leave to replead those parts.

Dated: November 23, 2021      Respectfully submitted,

/s/ Frank V. Cesarone
Frank V. Cesarone
Meyers & Flowers, LLC
225 W. Wacker Drive, Suite 1515

12

                                                               Chicago, IL 60606
                                                               Ph: (630) 232-6333
                                                               Fax: (630) 845-8982
                                                               fvc@meyers-flowers.com

## **CERTIFICATE OF SERVICE**

I certify that on November 23, 2021, I electronically filed the foregoing **Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Counts IV and VIII of Plaintiff's First Amended Complaint** using this Court's ECF system which will provide copies to all counsel of record registered to receive CM/ECF notifications.

/s/ Frank V. Cesarone
Frank V. Cesarone