IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

POCHANART ERICSON,

Plaintiff,

v.

CONAGRA FOODS, INC., *et al.*,

Defendants.

No. 20-cv-07065
Judge Franklin U. Valderrama

MEMORANDUM OPINION AND ORDER

Plaintiff Pochanart Ericson (Ericson) was injured when a cannister of Chef's Quality Cooking Spray exploded in the food truck she was in. Ericson sued Defendants Conagra Foods, Inc. and Conagra Brands, Inc. (together, Conagra), the companies that formulated the Cooking Spray and labeled it, as well as Full-Fill Industries, LLC (Full-Fill) (together with Conagra, Defendants), the company that filled and sealed it, asserting claims of negligence, breach of warranty, and unfair and deceptive practices. R. 59, FAC.[1] Defendants move to dismiss Ericson's unfair and deceptive practices act counts (Counts IV and VIII[2]) from Ericson's amended complaint, under Federal Rule of Civil Procedure 12(b)(6). R. 61, Mot. Dismiss. For

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

[2]Ericson points out in her response, R. 63, Resp. at 1 n.1, that the motion to dismiss misidentifies Count VIII as "Count IV," R. 61, Mot. Dismiss. Count VI alleges a Breach of Warranty – Manufacturing Defect against Ful-Fill and is not at issue in Defendants' motion to dismiss, whereas Count VIII alleges an Unfair and Deceptive Practices Act claim under Chapter 93A against Full-Fill and is the subject of the motion to dismiss. FAC at 20, 26.

the reasons that follow, Defendants' motion is granted and the Court dismisses Counts IV and VIII with prejudice.

## Background[3]

In June 2017, Ericson was working in a food truck in Worcester, Massachusetts. FAC ¶ 21. Inside the food truck was a can of Conagra Chef's Quality Cooking Spray (the Cooking Spray). *Id.* ¶ 18. Conagra sold and distributed the Cooking Spray to retailers nationwide. *Id.* ¶ 11. Full-Fill assembled and packaged the vented DOT-2Q cans that Conagra uses for the Cooking Spray containers. *Id.* ¶ 14. Suddenly, and without warning, the Cooking Spray began spraying its flammable contents through the u-shaped vents at the bottom of the can, causing a flash fire, injuring Ericson. *Id.* ¶ 20.

Ericson sued Defendants in the United States District Court for the District of Massachusetts. R. 1. The Defendants moved to dismiss the complaint under Federal Rule 12(b)(2), asserting that the court lacked personal jurisdiction, and under Rule 12(b)(6) for failure to state a claim. R. 24. The District of Massachusetts court agreed with Defendants that it lacked personal jurisdiction, but rather than dismissing the case, it *sua sponte* transferred it to this Court this under 28 U.S.C. § 1631. R. 32, Mass. Dismissal Order; R. 33, Transfer Order. Soon thereafter, Defendants moved to dismiss the complaint under Rule 12(b)(6). R. 44, First MTD. The Court granted the motion in part and denied the motion in part. R. 57, 9/10/21 Opinion. Relevant here,

---

[3]The Court accepts as true all of the well-pleaded facts in the amended complaint and draws all reasonable inferences in favor of Ericson. *See St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (internal citations omitted).

the Court dismissed without prejudice Ericson's unfair and deceptive practices act counts brought under Chapter 93A and gave Ericson leave to file an amended complaint. *Id.* at 27–29. Ericson did so and Defendants now move to dismiss Ericson's claims for Unfair Deceptive Trade Practices Act against Conagra (Count IV) and Full-Fill (Count VIII) in her amended complaint. *See* Mot. Dismiss. This fully briefed motion is before the Court.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Claims alleging fraud, however, must also satisfy the heightened pleading requirement of Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). So, generally speaking, Rule 9(b) requires a complaint to "state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (cleaned up).[4] Put differently, a complaint "must describe the who, what, when, where, and how of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (cleaned up).

## Analysis

In Counts IV and VIII, Ericson asserts claims under the Massachusetts Consumer Protection Statute, Mass. Gen. Law Chapter 93A, against Conagra and Full-Fill, respectively. FAC ¶¶ 68–91, 106–137; *see also* Mass. Gen. Laws. Ch. 93A, § 2(a). Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts and practices in the conduct of any trade or commerce . . ." Mass. Gen. Laws. Ch. 93A, § 2(a). To state a claim under Chapter 93A, a plaintiff must allege: "(1) a deceptive act or practice on the part of the defendant; (2) an injury or loss suffered by the plaintiff, and (3) a causal connection between the defendant's deceptive act or practice and the plaintiff's injury." *Wagner v. Fed. Home Loan Mortg. Corp.*, 494 F. Supp. 3d 80, 87 (D. Mass. 2020).

---

[4] This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Defendants advance three primary arguments for dismissal of Counts IV and VIII. First, Defendants contend that Ericson cannot maintain a claim under Section 9 of Chapter 93A because she has not alleged that the Cooking Spray was purchased for personal use. Mot. Dismiss. at 6–7. Second, Defendants argue that Ericson fails to allege facts sufficient to maintain a claim under Section 11 in that she fails to allege: (1) that the unfair method of competition or deceptive act or practice occurred primarily and substantially within Massachusetts, and (2) something "more than a breach of warranty." *Id*. at 7–9. Last, Defendants posit that Ericson's claims, whether brought under either Section 9 or Section 11, are subject to Rule 9(b)'s heightened pleading requirements, which she fails to meet. *Id*. at 9–12. The Court starts with the last argument, as it finds it to be dispositive.

## I.    Applicable Pleading Standard

Although raised mid-way through Defendants' motion to dismiss, the Court must first determine whether to apply Rule 8(a)'s more lenient or Rule 9(b)'s more demanding pleading standard. Defendants argue that, regardless of whether the Court finds that Ericson's claims are actionable under Section 9 or 11, her Chapter 93A claims are subject to Rule 9(b)'s heightened pleading standard. Mot. Dismiss (citing *Engren v. Johnson & Johnson, Inc.*, 2021 WL 4255296, at *6 (D. Mass. Sept. 17, 2021)). As Ericson correctly points out, Chapter 93A claims that do not involve fraud are not subject to Rule 9(b)'s particularity requirements. Resp. at 8–9 (citing, among other cases, *Libby v. Park, Marion and Vernon Streets Operating Co.*, 298 F. Supp. 3d 292, 294 (D. Mass. 2018); *B.W.P. Distributors, Inc. v. OE Plus, Ltd.*, 2009

WL 1154102, at *9 n.7 (S.D.N.Y. March 31, 2009) (collecting cases)). Conversely, Chapter 93A claims for misrepresentation, or those that "sound in fraud" are subject to Rule 9(b). *See Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 21–22 (1st Cir. 2017); *see also Engren v. Johnson & Johnson, Inc.*, 2021 WL 4255296, at *6 (D. Mass. Sept. 17, 2021) (citing *Munsell v. Colgate-Palmolive Co.*, 463 F. Supp. 3d 43, 52–53 (D. Mass. 2020)); *Schiesser v. Ford Motor Co.*, 2017 WL 1283499, at *6 (N.D. Ill. Apr. 6, 2017) ("Rule 9(b) applies to 'all averments of fraud, not claims of fraud.'") (quoting *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)). So, the question before the Court is whether the "core allegations" of Ericson's 93A claims "effectively charge fraud." *Mulder*, 865 F.3d at 21–22.

Ericson maintains that her Chapter 93A claims do not sound in fraud because they are based upon breach of warranty. Resp. at 9. Defendants, on the other hand, point out that elsewhere in her response, Ericson argues that her Chapter 93A claims are more than a breach of warranty claim because she alleges that Defendants "knew" the Cooking Spray was "defective and dangerous" before selling it. R. 64, Reply at 7–8 (citing Resp. at 12); *see also* FAC ¶¶ 45, 68, 72–78, 89 (Defendants knew or should have known about the dangerous propensities of the Cooking Spray, but still knowingly and willfully warranted that the Cooking Spray were safe to use). The Court agrees with Defendants that Ericson's allegations that Defendants sold a product that they knew breached an implied warranty subjects her Chapter 93A claims to Rule 9(b). *See* Reply at 8 (citing, among other cases, *Schiesser*, 2017 WL 1283499, at *6 ("Schiesser's ICFA claim is premised on Ford's alleged concealment of

a known defect and thus is appropriately interpreted as a deceptive practices claim that must meet Rule 9(b)'s heightened pleading standard.")); *see also Munsell*, 463 F. Supp. 3d at 49, 52 (Chapter 93A claim that defendants misled consumers by using the word "natural" on product packaging where product included non-natural ingredients was subject to Rule 9(b)). Therefore, as stated above, to sufficiently state a claim under Rule 9(b), Ericson must state the "the who, what, where, and when of the allegedly [misleading] representation." *Munsell*, 463 F. Supp. 3d at 52 (citing *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 91 (1st Cir. 2016)); *see also Pirelli Armstrong*, 631 F.3d at 441–42.

## II. Sufficiency of Chapter 93A Claims Under Rule 9(b)

Defendants contend that the amended complaint fails to sufficiently allege: (1) the warranties or representations made by Defendants; (2) a causal connection between Defendants' alleged misrepresentations and Ericson's injuries, and (3) that Defendants' conduct was deceptive or unfair. Mot. Dismiss at 9–12. Predictably, Ericson argues that the amended complaint sufficiently alleges all elements of a Chapter 93A claim. Resp. at 8–12.

The Court starts with whether Ericson sufficiently alleges whether the alleged warranties (or representations) are pled with sufficient particularity under Rule 9(b). Defendants argue that, although Ericson alleges that Defendants made various warranties, she fails to "allege where, when, or how any alleged representation forming the basis for her claim was made." Mot. Dismiss at 10. More specifically, Defendants point out that Ericson does not identify any representation or warranty

on the label of the Cooking Spray, nor that Defendants communicated any representation or warranty to Ericson another way, such as through marketing or advertising. *Id.* (citing *Mulder*, 865 F.3d at 21–22). Not so, counters Ericson, as she adequately alleges that Defendants are the "who," the warranties identified in paragraphs 72–77 and 143–47 are the "what" and "how," the time that the Cooking Spray left Defendants' possession and was purchased is the "when," and Massachusetts is the "where." Resp. at 9 (citing *Dumont v. Reily Foods Co.*, 934 F.3d 35, 40 (1st Cir. 2019)).

In her amended complaint, Ericson alleges that Defendants, "advertised, marketed, promoted, distributed and made available for purchase through retailers cooking sprays in vented DOT-2Q containers that they represented were safe for use in residential and commercial cooking applications as well as countless other cooking applications when they are not. [Defendants] warranted that their cooking sprays in vented DOT-2Q containers could be used without danger or harm to consumers if used in residential and commercial cooking applications as well as countless other cooking applications when they cannot. . . . [Defendants] warranted that their cooking sprays in vented DOT-2Q containers are 100% safe and effective when used correctly and as instructed when in fact, they are not." FAC ¶¶ 72–73, 75. The amended complaint alleges several other similar warranties or representations made by Defendants. *Id.* ¶¶ 74, 76–77.

In viewing the allegations of the amended complaint in the light most favorable to Ericson, the Court finds that Erison fails to satisfy the particularity requirements

8

of Rule 9(b). The Court agrees with Defendants that the alleged warranties are more akin to the advertisements at issue in *Mulder* than the label in *Dumont*. In *Mulder*, cited by Defendants, the plaintiff alleged that she was deceived by the department store defendant's "advertising in general" and that she would not have traveled to the defendant's store but for its "reputation" developed based on its false advertising of "amazing prices." 865 F.3d at 21. The First Circuit affirmed the district court's dismissal of the plaintiff's 93A claim, finding it to be too vague and failed to plead the time, place, and content of the alleged false representation. *Id.* at 22. On the other hand, in *Dumont*, cited by Ericson, the plaintiff alleged that she purchased coffee where the package's label "described the coffee as . . . : freshly ground, 100% Arabica Coffee, Hazelnut Crème, Medium Bodied, and Rich, Nutty Flavor." 934 F.3d at 37 (cleaned up). The plaintiff alleged that there was no hazelnut in the coffee, and that she would not have purchased the coffee if she had known it did not contain some hazelnut. *Id.* The First Circuit found that the plaintiff sufficiently pled a Chapter 93A claim, finding in relevant part that the "Hazelnut Crème" statement was the "what," the label was the "where," "and the occasion on which [the plaintiff] purchased the coffee is the 'when.'" *Id.* at 39.

Here, by contrast, as Defendants point out, the allegations regarding the warranties identified by Ericson do not identify any actual representation by Defendants or where Ericson read them. Reply at 8–9. Instead, they refer to advertising, marketing, and promotions from which Ericson claims that the Defendants "warranted" the Cooking Spray was "safe," "could be used without danger

or harm," could be "used safely," are "100% safe," or "are as safe as non-vented DOT-2Q containers." *See* FAC ¶¶ 72–77, 142–47. In support of a different count, Ericson alleges that she "followed the . . . Cooking Spray warnings and precautions." *Id.* ¶ 132. True, Ericson points to warranties somewhat more specific than the "advertising in general" at issue in *Mulder*, but she still fails to allege where or when she read those warranties. (Or *if* she read those warranties before purchasing or using the Cooking Spray, as it is unclear if the warranties are the same as the "warnings and precautions" she followed.) For instance, did those statements appear on Defendants' website, in advertising, or on the Cooking Spray label? The amended complaint does not answer those questions, and therefore is distinguishable from the allegations in *Dumont*, which related to a false statement made on the product label read by the plaintiff when she purchased the product. 934 F.3d at 37. Accordingly, the Court agrees with Defendants that Ericson fails to satisfy Rule 9(b)'s particularity requirements as to the warranties or representations made by Defendants.

The Court, having found that Ericson fails to allege the first element of a Chapter 93A claim, need not address whether she sufficiently alleges a causal connection or that Defendants' conduct was deceptive or unfair. And, because the Court finds that Ericson fails to plead Chapter 93A claims regardless of which section the claims are brought under, the Court does not address the parties' remaining arguments pertaining to Section 9 and Section 11.

### III.  Dismissal With or Without Prejudice

Although Ericson requests leave to replead any portions of the amended complaint that the Court finds deficient for lack of factual specificity, Resp. at 12, the Court denies that request for the following reasons. "The general rule is to freely permit plaintiffs to amend their complaint once as a matter of course." *L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022) (cleaned up). As indicated above, the amended complaint currently before the Court is Ericson's second pleading attempt, as the Court granted Defendants' motion to dismiss Ericson's original Chapter 93A claims without prejudice and with leave to amend. 9/10/21 Opinion at 27–28. Defendants' first motion to dismiss, and the Court's dismissal order in turn, was based in relevant part on Ericsons' failure to plead "that any specific statements or omissions on the packaging constituted unfair or deceptive acts." *Id.* at 28 (citing First MTD at 14). And for the reasons explained above, the Court finds that Ericson's amended complaint again fails to plead the at-issue warranties or representations with sufficient particularity.

Ericson includes just a sentence at the end of her response to Defendants' motion to dismiss asking for leave to replead if the Court grants the dismissal motion; she does not explain what details she would include in a second amended complaint that would satisfy Rule 9(b)'s particularity requirement as to the warranties or representations forming the basis of her Chapter 93A claims. Resp. at 12. Without more, the Court finds that Ericson will be unable to cure the deficiencies identified in this Opinion and therefore the interests of justice do not require the Court to allow

11

Ericson another opportunity to replead her Chapter 93A claims. *See Webb v. Frawley*, 906 F.3d 569, 582 (7th Cir. 2018) (affirming district court's denial of leave to amend where plaintiff requested leave to amend in response to dismissal motion but did not explain how the deficiencies would be fixed); *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 401 (7th Cir. 2006) (district court properly dismissed complaint with prejudice where plaintiff requested leave to amend in response to dismissal motion, expressing its intent to "describe in even greater detail the damages it suffered"; the Seventh Circuit found the "district court could have quite reasonably believed that an amended complaint would suffer the same fatal flaws as the one before it, and that the 'interests of justice' did not require permission to amend"); *see also Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885, 900 (N.D. Ill. 2008) ("Although it appears Plaintiff may possess some additional information about the alleged telephone calls to Georgeson's call center, Plaintiff has not argued (nor is it clear) that she has enough information to satisfy Rule 9(b). Plaintiff has not asked for leave to amend or indicated what details she would include in an amended pleading, instead arguing that she should be excused from Rule 9(b)'s pleading requirements."). Accordingly, the Court dismisses Ericson's Chapter 93A claims with prejudice.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss Counts IV and VIII [61] is granted. Counts IV and VIII are dismissed with prejudice. Defendants' answer to the remaining counts of the amended complaint is due on or before January 30, 2024. The Court refers discovery supervision (including setting all deadlines,

12

resolution of any discovery motion, and resolution of any motion to stay discovery) and settlement matters to Magistrate Judge Weisman.

Dated: January 16, 2024

United States District Judge
Franklin U. Valderrama